UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| ALVIN SLAUGHTER,<br>    Plaintiff, | :<br>:<br>: |
| v. | :      Case No. 3:15cv1226(VLB) |
| | : |
| UNIVERSITY OF CONNECTICUT, ET AL.,<br>    Defendants. | :<br>: |

## RULING AND ORDER

The plaintiff, Alvin Slaughter, was confined at Corrigan-Radgowski Correctional Institution ("Corrigan-Radgowski") when he filed this action. His most recent address on file with the Court is Carl Robinson Correctional Institution in Enfield, Connecticut. Department of Correction records reflect that he is no longer incarcerated in a prison facility.[1] Pending before the Court is a Complaint naming the University of Connecticut Health Center and the Department of Corrections as Defendants. For the reasons set forth below, the Complaint is dismissed with leave to amend.

Pursuant to 28 U.S.C. § 1915A(b), the Court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id.* Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

---

[1] **Information regarding the Plaintiff's confinement within the Department of Correction may be found at: http://www.ct.gov/doc/site/default.asp under Inmate Search and the Plaintiff's CT DOC Inmate Number – 261865.**

Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).   A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard.  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)).  Although courts still have an obligation to interpret "a *pro se* complaint liberally," the complaint must include sufficient factual allegations to meet the standard of facial plausibility.  See *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (citations omitted).

The Plaintiff alleges that in November 2013, he wrote to the medical unit at Corrigan-Radgowski and requested that he be tested for diabetes, high blood pressure and a urinary tract infection.  The medical staff subsequently tested the Plaintiff for a kidney infection and a urinary tract infection.  In January and February 2014, the Plaintiff requested the results of the tests.

In April 2014, the Plaintiff complained to a physician at the University of Connecticut Health Center about a urinary infection, blood in his urine and pain.   In June 2014, the Plaintiff complained about blood in his urine and requested to be transferred to a medical facility.  At the end of June, he complained about blood in his urine, pain in his shoulder and arm and requested that his medication be re-filled.

2

On July 14, 2014, prison officials at Corrigan-Radgowski transferred him to Enfield Correctional Institution.  In late August 2014, he complained to the Enfield medical staff about blood in his urine and pain in the area of his lower waist on the left side.  He requested results of x-rays.

On October 15, 2014, a physician at the University of Connecticut Health Center examined the Plaintiff.  On October 21, 2014, a physician diagnosed the Plaintiff as suffering from a urethral stricture.  In December 2014, the Plaintiff wrote to the medical department regarding his diagnosis and sought pain medication.  Prison officials at Enfield transferred the Plaintiff to Corrigan-Radgowski on January 7, 2015.

In January 2015, the Plaintiff wrote to the medical department seeking a re-fill of medication and his diagnosis.  In February 2015, he requested to see a physician.  On July 1, 2015, a report reflected that the Plaintiff suffered from hematuria – blood in his urine, a nodule in his lung and a kidney stone in his right kidney.

The Plaintiff claims that the defendants were aware of his urethral stricture in November 2013, but have intentionally delayed surgery for the condition.  He states that he is requesting the state court order surgery for his condition.

The Plaintiff seeks declaratory relief, monetary damages and an order directing the Defendants to perform surgery before August 11, 2019.  For the reasons set forth below, the Complaint is dismissed.

To state a claim under Section 1983, the Plaintiff must allege facts showing that the Defendant, a person acting under color of state, law deprived him of a federally protected right.  See *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 930 (1982).   Neither the

3

Department of Corrections nor the University of Connecticut Health Center is a person subject to suit under 42 U.S.C. § 1983.

A state agency is not a person within the meaning of Section 1983.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, (1989) (state and state agencies not persons within meaning of 42 U.S.C. § 1983).  The Department of Correction is a state agency.  *See Vaden v. Connecticut*, 557 F. Supp. 2d 279, 288 (D. Conn. 2008); *Garris v. Department of Correction*, 170 F. Supp. 2d 182, 186 (D. Conn. 2001).  Like other state agencies, the Department of Correction is not a person within the meaning of Section 1983.  *See Santos v. Dep't of Corr.*, 3:04CV1562(JCH)(HBF), 2005 WL 2123543, at *3 (D. Conn. Aug. 29, 2005) (observing that "[n]either a Department of Correction nor a correctional institution is a person" subject to liability under Section 1983); *Torrence v. Pelkey*, 164 F. Supp. 2d 264, 271 (D. Conn. 2001) (same).   Thus, the claims against Defendant State of Connecticut Department of Corrections are dismissed as lacking an arguable legal basis.  *See* 28 U.S.C. § 1915A(b)(1).

Correctional Managed Health Care provides medical treatment to inmates and "is a division of a state agency, the University of Connecticut Health Center."  *Jolly v. Correctional Managed Health Care*, Case No. 3:04cv1582(RNC), 2009 WL 233667, at *3 (D. Conn. Jan. 30, 2009), *aff'd*, 375 F. App'x 67 (2d Cir. 2010).   Because Correctional Managed Health Care is a division of a state agency, it is not considered to be a person subject to suit under Section 1983.  *See Gaby v. Board of Trustees of Community Technical Colleges*, 348 F.3d 62, 63 (2d Cir. 2003) (per curiam) (noting decisions holding that state universities and their boards of trustees are not persons within the meaning

of Section 1983); *Walker v. State of Connecticut*, No. 06cv165(SRU), 2006 WL 1981783, at *2 (D. Conn. Mar. 15, 2006) (dismissing action against CMHC under Section 1983 because CMHC is not a "person" within the meaning of the statute); *Stewart v. John Dempsey Hospital*, No. 3:03cv1703(WWE), 2004 WL 78145, at *2 (D. Conn. Jan. 9, 2004) (holding that John Dempsey Hospital University of Connecticut Health Center is not a person within the meaning of Section 1983). The claims against Correctional Managed Health Care are dismissed. *See* 28 U.S.C. § 1915A(b)(1).

## ORDERS

The Court enters the following orders:

(1) All claims against the Defendants are DISMISSED pursuant to 28 U.S.C. § 1915A(b)(1). The Court declines to exercise supplemental jurisdiction over any state law claims. *See* 28 U.S.C. 1367(c)(3). If the Plaintiff chooses to appeal this decision, he may not do so *in forma pauperis*, because such an appeal would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3). The Clerk is directed to enter judgment for the Defendants and close this case.

(2) As indicated above, Department of Correction records reflect that the Plaintiff is no longer confined in a prison facility within Connecticut. The Plaintiff's current location is listed as Central Ave. No street number or city is listed on the Plaintiff's Inmate Information record.

Pursuant to Rule 83.1(c), D. Conn. L. Civ. R., "[a]ny party appearing *pro se* must give an address within the District of Connecticut where service can be made upon him

or her in the same manner as service is made on an attorney." The Plaintiff has not filed a notice indicating his current address.

Because the allegations in the Complaint may state a plausible claim of deliberate indifference to a serious medical need, the Court will permit the Plaintiff thirty days to file a motion to reopen and an amended complaint. Any motion to reopen, must include a current mailing address where the Plaintiff may receive Court filings.

The amended complaint should identify the medical personnel who were involved in the alleged denial of medical treatment and the delay in surgery for the Plaintiff's serious medical conditions. The amended complaint should describe the conduct of each Defendant and provide the dates on which the alleged deprivations of medical treatment occurred.

SO ORDERED at Hartford, Connecticut this 15th day of September, 2016.

_____/s/_____
VANESSA L. BRYANT
UNITED STATES DISTRICT JUDGE

or her in the same manner as service is made on an attorney." The Plaintiff has not filed a notice indicating his current address.

Because the allegations in the Complaint may state a plausible claim of deliberate indifference to a serious medical need, the Court will permit the Plaintiff thirty days to file a motion to reopen and an amended complaint. Any motion to reopen, must include a current mailing address where the Plaintiff may receive Court filings.

The amended complaint should identify the medical personnel who were involved in the alleged denial of medical treatment and the delay in surgery for the Plaintiff's serious medical conditions. The amended complaint should describe the conduct of each Defendant and provide the dates on which the alleged deprivations of medical treatment occurred.

SO ORDERED at Hartford, Connecticut this 15th day of September, 2016.

_____/s/_____
VANESSA L. BRYANT
UNITED STATES DISTRICT JUDGE